UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM K. COMER,
Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
Defendant.

Case No. 1:13-cv-358
Barrett, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

This matter is before the Court on plaintiff's motion for attorney fees under the Social Security Act, 42 U.S.C. § 406(b)(1). (Doc. 29). The Commissioner has not filed a memorandum in opposition to plaintiff's motion.

This case has a long procedural history. On June 23, 2014, the Court reversed and remanded this case for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (Docs. 23, 24). On remand, the ALJ issued an unfavorable decision on October 7, 2015, finding plaintiff not disabled. (Doc. 29 at 2). After plaintiff filed an appeal with the Appeals Council on December 11, 2015, the Appeals Council remanded the case back to the hearing level for additional proceedings with a new ALJ. (*Id.*). On remand from the Appeals Council, a hearing was held before the new ALJ on May 23, 2017. (*Id.*). On June 8, 2017, the ALJ issued a favorable decision, finding plaintiff disabled as of October 1, 2009. (*Id.*). On February 24, 2015, the Court awarded plaintiff $2,550.00 in attorney fees and $400.00 in costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).[1] (Docs. 27, 28). Plaintiff states that he also received $6,000 in attorney fees for representation at the administrative level. (Doc. 29 at 2). Plaintiff further represents that acting pursuant to § 406(b)(1)(A), the Commissioner

---

[1] Counsel states that $2,550.00 was paid to the Department of Treasury and credited to plaintiff's child support obligation. (Doc. 29 at 2).

withheld 25 percent of past-due benefits—or $16,636.00—as a potential contingency fee to be awarded to plaintiff's counsel. (*Id.*). Plaintiff now seeks an award of $10,636.00 in attorney fees under § 406(b) for 15 hours of work performed before the Court. (Doc. 29 at 5). The $10,636.00 fee request represents 25 percent of plaintiff's past-due benefits ($66.544.00), less the amount paid by the Commissioner for work performed at the administrative level ($6,000.00).

Pursuant to 42 U.S.C. § 406(b)(1)(A), a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant for work done in a judicial proceeding. 42 U.S.C. § 406(b)(1)(A). *See Horenstein v. Sec'y of H.H.S.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) (court may award fees only for work performed before the court, and not before the Social Security Administration). Fees are awarded from past-due benefits withheld from the claimant by the Commissioner and may not exceed 25 percent of the total past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002).

In determining the reasonableness of fees under § 406(b), the starting point is the contingency fee agreement between the claimant and counsel. *Gisbrecht*, 535 U.S. at 807. When a claimant has entered into a contingency fee agreement entitling counsel to 25 percent of past-due benefits awarded, the Court presumes, subject to rebuttal, that the contract is reasonable. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). Within the 25 percent boundary, the attorney for the claimant must show that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807. The Court should consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate

for noncontingent fee cases. *Id.* at 808. *See also Rodriquez*, 865 F.2d at 746. Additionally, the Court should consider instances of improper conduct or ineffectiveness of counsel; whether counsel would enjoy a windfall because of either an inordinately large award or from minimal effort expended; and the degree of difficulty of the case. *Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1990); *Rodriquez*, 865 F.2d at 746. An award of 25 percent of past-due benefits may be appropriate where counsel has overcome legal and factual obstacles to enhance the benefits awarded to the client; in contrast, such an award may not be warranted in a case submitted on boilerplate pleadings with no apparent legal research. *Rodriquez*, 865 F.2d at 747.

An award of fees under § 406(b) is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of HHS*, 900 F.2d 981, 981-82 (6th Cir. 1990). As the Sixth Circuit determined:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [by dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id*. "[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes,* 923 F.2d at 422.

Here, the fee of $10,636.00 that plaintiff requests falls within the 25 percent boundary. Thus, the issue is whether the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 807. Plaintiff asserts the requested attorney fee is reasonable given attorney Henry D. Acciani's experience and background, which includes admission to several bars and representing clients in Social Security cases since 1979. (Doc. 29 at 3-4). Plaintiff has also submitted an itemized billing sheet

3

demonstrating that his attorney performed a total of 15 hours of work on the case in this Court. (*Id.* at 6).

Dividing the $10,636.00 requested by plaintiff by the 15 hours counsel worked on this case before the Court yields a hypothetical hourly rate of $709.06. In determining whether counsel "would enjoy a windfall because of either an inordinately large benefit or from minimal effort expended," *Hayes*, 923 F.2d at 422 (quoting *Rodriquez*, 865 F.2d at 746), the Court notes that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Id.* As the Sixth Circuit explained in *Hayes*:

> [A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.
>
> . . . .
>
> A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of *Rodriquez*'s windfall rule for "minimal effort expended," the reasonableness of the fee.

*Id.*

The *Hayes* "floor" in this case is $5,100.00, which represents 15 hours times an hourly rate of $170.00 multiplied by 2.[2] Plaintiff's requested fee of $10,636.00 falls roughly $5,000 above this amount. Plaintiff contends that the requested fee is reasonable. He asserts that the

---

[2] Counsel for plaintiff does not provide his specific hourly rate for non-contingency fee cases. In such circumstances, the Court will ordinarily adopt the hourly rate approved by the Court in connection with a fee petition under EAJA. *See, e.g., Edwards v. Comm'r of Soc. Sec.*, No. 1:08-cv-815, 2011 WL 1002186, at *1 (S.D. Ohio Mar. 16, 2011). Therefore, the Court adopts the hourly rate of $170.00 approved by the Court in connection with the EAJA fee petition. (*See* Docs. 27, 28).

4

"twice-the-hourly-rate formula [approved in *Hayes*] was only a floor, and the fee awarded could be higher than this rate." (Doc. 29 at 4). He also cites to cases from other courts where comparable or larger hourly rates have been awarded in Social Security disability benefits cases. (*Id.*) (citing *Claypool v. Barnhart*, 294 F. Supp.2d 829 (S.D. W. Va. 2003); *Dodson v. Comm'r of Soc. Sec.*, No. 4:00-cv-22, 2002 WL 31927589 (W.D. Va. Oct. 22, 2002); *Hearn v. Barnhart*, 262 F. Supp.2d 1033 (N.D. Cal. 2003)). As stated above, the Commissioner has not filed any opposition to the fee request.

The undersigned finds the Court's reasoning in *Pickett v. Astrue*, No. 3:10-cv-177, 2012 WL 1806136 (S.D. Ohio May 17, 2012), to be persuasive. The Court in *Pickett* stated:

> Such a high hypothetical hourly rate arguably falls within the range of what may be perceived as a "windfall." However, the Court notes that Plaintiff's counsel's work on behalf of Plaintiff resulted in a significant, though not inordinate, award of past-due benefits. Further, Plaintiff voluntarily entered into the contingency fee agreement with counsel and counsel undertook and assumed the risk of non-payment, which is the nature of contingency fee agreements. In addition, there is no suggestion nor even a hint of impropriety regarding the agreement between Plaintiff and Plaintiff's counsel, and, as already noted, Plaintiff's attorney's work proved greatly successful.

*Id.* at *2.

The same analysis applies here and supports awarding the requested fee. Counsel did not unduly delay the resolution of this matter and achieved an excellent result after a complex procedural history dating back to 2010. The case was reversed and plaintiff received a fully favorable decision on remand. Counsel's work resulted in a significant award of benefits to plaintiff. Further, plaintiff voluntarily entered into the contingency fee agreement with counsel and counsel undertook and assumed the risk of non-payment. (*See* Doc. 29-1).

Finally, comparable rates have been awarded in similar cases in this Court. *See, e.g.*, *Jodrey v. Comm'r of Soc. Sec.*, No. 1:12-cv-725, 2015 WL 799770, at *3-*4 (S.D. Ohio Feb. 25,

5

2015) (Report and Recommendation) (Litkovitz, M.J.), *adopted*, 2015 WL 1285890 (S.D. Ohio Mar. 19, 2015) (Barrett, J.) (approving effective hourly rate of $700.00); *Havens v. Comm'r of Soc. Sec.*, No. 2:12-cv-637, 2014 WL 5308595, at *2 (S.D. Ohio Oct. 16, 2014) (Report and Recommendation) (Kemp, M.J.), *adopted*, 2014 WL 6606342 (S.D. Ohio Nov. 20, 2014) (Smith, J.) (approving effective hourly rate of $750.00); *Metz v. Comm'r, Soc. Sec. Admin.*, No. 3:11-cv-391, 2014 WL 1908512, at *1-*2 (S.D. Ohio May 12, 2014) (approving effective hourly rate of $780.25); *Smith v. Comm'r of Soc. Sec.*, No. 2:10-cv-701, 2014 WL 618996, at *2 (S.D. Ohio Feb. 18, 2014) (Report and Recommendation) (Kemp, M.J.), *adopted*, 2014 WL 1046025 (S.D. Ohio Mar. 17, 2014) (Sargus, J.) (approving effective hourly rate of $750.00); *Pickett*, 2012 WL 1806136, at *2 (approving effective hourly rate of $709.00). In view of these considerations, and having reviewed the fee request in light of the remaining criteria set forth in *Gisbrecht* and *Rodriquez*, the undersigned finds that plaintiff's requested fee award is reasonable for the work plaintiff's counsel performed in this Court.

It is therefore **RECOMMENDED** that plaintiff's § 406(b) motion for attorney fees (Doc. 29) be **GRANTED** and that counsel be **AWARDED** $10,636.00 in fees.

**IT IS SO RECOMMENDED.**

Date: 4/16/18

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM K. COMER,
Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
Defendant.

Case No. 1:13-cv-358
Barrett, J.
Litkovitz, M.J.

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States* v. *Walters,* 638 F.2d 947 (6th Cir. 1981).